Justice Breyer,
concurring.
I join the Court’s opinion with one qualificatipn. The word “individual” is open to multiple interpretations, permitting it, linguistically speaking, to include natural persons, corporations, and other entities. Thus, I do not believe that word alone is sufficient to decide this case.
The legislative history of the statute, however, makes up for whatever interpretive inadequacies remain after considering language alone. See, e. g., ante, at 459 (describing markup session in which one of the bill’s sponsors proposed an amendment containing the word “individual” to “ ‘make it clear’” that the statute applied to “‘individuals and not to corporations’ ”); Hearing on S. 1629 et al. before the Subcommittee on Immigration and Refugee Affairs of the Senate Committee on the Judiciary, 101st Cong., 2d Sess., 65 (1990) (witness explaining to Committee that there would be a “problem” with suing an “independent entity or a series of entities that are not governments,” such as the Palestine Liberation Organization); id., at 75 (allaying concerns that there will be a flood of lawsuits “because of the requirement [in the statute] that an individual has to identify his or her precise torture[r] and they have to be both in the United States”); see also ante, at 458-459 (making clear that peti *462 tioners’ citations to the legislative history “do not help their cause”). After examining the history in detail, and considering it along with the reasons that the Court provides, I join the Court’s judgment and opinion.